**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

COMMUNITY TAX RELIEF, LLC,

      Plaintiff,

vs.

COMMUNITY TAX INC.,

      Defendant.

Case No. _____

**JURY DEMANDED**

## **COMPLAINT**

Plaintiff, Community Tax Relief, LLC ("Community Tax"), by and through its attorneys, for its Complaint against Community Tax Inc. ("Defendant"), alleges as follows:

### **NATURE OF THE ACTION**

1.     This is an action to recover for damages caused by and to prevent further damage arising from the trademark infringement, deceptive trade practices, unfair competition and other claims arising under the unfair competition laws of the United States of America, specifically 15 U.S.C. § 1051 *et seq.* (the "Lanham Act") and the statutory and common law of the State of Illinois.

2.     Community Tax brings this action to protect itself from Defendant's infringement of its federally registered trademark and common law trademark rights.

### **PARTIES**

3.     Community Tax is an Illinois limited liability company with a principal place at 6232 N. Pulaski Road, Chicago, IL 60646.

4.      Community Tax provides debt resolution services and representation of clients in tax matters before tax authorities.  Community Tax is headquartered in Illinois and has been in business since 2010.

5.      Defendant is an Illinois corporation with a principal place of business at 806 Walnut Ave, Elgin, Illinois 60123.  Defendant is a direct competitor of Community Tax that represents clients in tax matters before tax authorities

## JURISDICTION AND VENUE

6.      Defendant does business in this judicial District, and has engaged in a persistent course of conduct in this judicial District.

7.      This Court has jurisdiction by virtue of the fact that this is a civil action arising under the United States Trademark Act, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1367.

8.      Venue is proper in this judicial District in accordance with 28 U.S.C. § 1391(b) because Community Tax's claims arise in this judicial District, each party does business in this judicial District, witnesses and evidence are located in this judicial District, and a substantial part of the events or omissions that give rise to this claim have occurred within this judicial District.

## FACTUAL BACKGROUND

9.      Community Tax is the owner of the United States Patent and Trademark Registration Number 3,942,440 for the mark COMMUNITY TAX RELIEF for use in connection with debt resolution services and representation of clients in tax matters before tax authorities. Said registration is valid, subsisting, and owned by Community Tax.  A true and correct copy of the Registration Certificate for U.S. Trademark Reg. No. 3,942,440 from the U.S. Patent and Trademark Office is attached hereto as **Exhibit A**.

10. Community Tax has also been using the COMMUNITY TAX RELIEF mark as a trade name for its business, in interstate commerce, since at least as early as 2010. In addition to its formal trade name, the company is also known among customers simply as "COMMUNITY TAX."

11. Community Tax has spent significant sums of money advertising its brand across the country in Internet, print, radio, and television advertisements.

12. Defendant is not authorized, through a license or otherwise, to use the "COMMUNITY TAX" or "COMMUNITY TAX RELIEF" marks or any variation thereof.

13. In order to leverage the fame of the Community Tax's marks and confuse potential customers seeking Community Tax's services, well after Community Tax began using its marks in interstate commerce, Defendant adopted the trade name COMMUNITY TAX, INC. in March of 2013 and operates a competing business under this trade name.

14. Defendant's unlawful conduct has caused damage and irreparable injury to Community Tax, and further damage and irreparable injury will result if Defendant is allowed to continue to violate Community Tax's rights.

15. The acts of Defendant are unlawful, willful and knowingly performed with the intent and result of injuring Community Tax.

16. Defendant's aforesaid wrongful acts result in Defendant's unjust enrichment.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement/15 U.S.C. § 1114(1))**

17. Community Tax incorporates by reference the allegations in paragraphs 1-16 as if set forth in full herein.

18. Defendant's use of the COMMUNITY TAX trade name is likely to cause customer confusion or mistake, or is likely to deceive.

3

19.     Defendant is thus liable under 15 U.S.C. § 1114(1)(a) for infringement of

Community Tax's federally registered mark.

20.     Defendant's unlawful conduct has caused damage and irreparable injury to

Community Tax, and further damage and irreparable injury will result if Defendant is allowed to

continue to violate Community Tax's rights.

## SECOND CLAIM FOR RELIEF
### (State Law Deceptive Trade Practices)

21.     Community Tax incorporates by reference the allegations in paragraphs 1-20 as if

set forth in full herein.

22.     Defendant's aforesaid acts constitute deceptive trade practices in the course of

Defendant's business in violation of the Illinois Deceptive Trade Practices Act (IDTPA), 815 Ill.

Comp. Stat. 510/1 *et seq.*, thereby entitling Community Tax to equitable relief, as prayed for

herein, and restitution according to proof to the fullest extent allowed by law.

23.     Defendant's unlawful conduct has caused damage and irreparable injury to

Community Tax, and further damage and irreparable injury will result if Defendant is allowed to

continue to violate Community Tax's rights.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

24.     ACG incorporates by reference the allegations in paragraphs 1-23 as if set forth in

full herein.

25.     Defendant's aforesaid acts constitute unfair competition in violation of the

common law of the State of Illinois, thereby entitling Community Tax to equitable relief, as

prayed for herein, and damages according to proof to the fullest extent allowed by law.

26.     Defendant's unlawful conduct has caused damage and irreparable injury to Community Tax, and further damage and irreparable injury will result if Defendant is allowed to continue to violate Community Tax's rights.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

27.     Community Tax incorporates by reference the allegations in paragraphs 1-26 as if set forth in full herein.

28.     Defendant's aforesaid acts constitute trademark infringement of Community Tax's common law rights in Community Tax's marks in violation of Illinois Common Law, thereby entitling Community Tax to equitable relief, as prayed for herein, and damages according to proof to the fullest extent allowed by law.

29.     Defendant's unlawful conduct has caused damage and irreparable injury to Community Tax, and further damage and irreparable injury will result if Defendant is allowed to continue to violate Community Tax's rights.

WHEREFORE, Community Tax prays that this Court enter the following judgment and order after a TRIAL BY JURY:

A.     That Defendant, its officers, directors, agents, servants, employees, successors, distributors, assigns and attorneys, and those controlled by or in active concert or participation with them, be permanently enjoined and restrained from:

(1)     using the trade name COMMUNITY TAX, or any name or mark that is otherwise likely to cause confusion, mistake, deception;

(2)     committing any other act or thing likely to confuse, mislead or deceive others into believing that Defendant is connected with, sponsored by, or approved by Community Tax; and

B.      That Community Tax be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

(1)      All profits received by Defendant from sales and revenues of any kind made as a result of its acts of trademark infringement unfair competition said amount to be trebled due to Defendant's willful actions;

(2)      All damages sustained by Community Tax as a result of Defendant's actions, said damages to be trebled due to Defendant's willful actions; and

(3)      Punitive damages.

C.      That Defendant be directed to change its name with the Illinois Secretary of State to any name that does not include the words COMMUNITY TAX;

5.      That Defendant be ordered to pay statutory damages in the amount of $100,000.

6.      That Defendant be ordered to compensate Community Tax in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion or damage caused by Defendant's unlawful acts complained of herein;

7.      That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with the court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

8.      That, because of the exceptional nature of this case resulting from Defendant's deliberate and willful actions, this Court award to Community Tax all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117; and

9.      That Plaintiff have such other and further relief as this Court may deem just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby

demands a trial by jury on all issues so triable.


                Respectfully submitted,

                COMMUNITY TAX RELIEF, LLC

Dated: October 9, 2013       By:        /s/ Bryan P. Sugar
                Bryan P. Sugar
                UNGARETTI & HARRIS
                3500 Three First National Plaza
                Chicago, Illinois 60602
                TEL: 312.977.4400
                FAX: 312.977.4405
                EMAIL: bsugar@uhlaw.com